**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF VIRGINIA**

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE ) | | |
| COMPANY as assignee of INTERMET ) | | |
| INTERNATIONAL, INC. and ) | | |
| INTERMET CORPORATION d/b/a ) | | |
| Intermet New River Foundry and d/b/a ) | | |
| Intermet Radford Foundry d/b/a ) | | |
| New River Castings, ) | | |
| ) | | |
| Plaintiff, ) | Case No. 7:06-CV-00462 | |
| ) | | |
| v. ) | | |
| ) | | |
| LIBERTY MUTUAL FIRE INSURANCE CO., ) | | |
| NATIONAL UNION FIRE INSURANCE ) | | |
| And COMPANY OF PITTSBURGH, PA, ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS**

I. <u>Preliminary Statement</u>

After briefing and argument from counsel on Defendants' Motions to Dismiss, this Court properly expressed concern that the status of certain property damage, based on the Complaint alone, is not clear in relation to the Policies. (Filing 28; 44-45). This issue is addressed below.

**ARGUMENT**

**II.  THERE ARE ISSUES OF FACT PRESENT WHICH CANNOT BE RESOLVED ON A MOTION TO DISMISS PURSAUNT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

The allegations in the complaint are accepted as true in considering this Rule 12(b)(6) Motion. <u>Republican Party of North Carolina v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to

1

relief. Ferrell v. Grange Insurance, 354 F.Supp.2d 675 (S.D. W. Va. 2005); citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); The motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted. Ferrell, supra., See also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

The Defendants Supplemental Memorandum attempts to characterize certain unknown property manufactured by Intermet, but not yet delivered to American Axle, as being subject to policy exclusions as a matter of law, using a single contract between Intermet and American Axle, or under the default provisions of the Uniform Commercial Code (U.C.C.). (Def. Supplemental Memo., p. 3-4). Here, the Defendant is attempting to utilize one Purchase Order to characterize the entire agreement between the parties to the exclusion of whatever other factual agreements and understandings may actually exist between a vendor and its supplier regarding their course of business. Additionally, the U.C.C. only has default application to the extent the parties' alleged agreement(s), both oral and written, do not address terms regarding the sale of goods. Neither Defendant is in the position on a Rule 12(b)(6) Motion to selectively input non-alleged facts, and the attempt to do so is improper.

Although this Court indicated that some types of damage may well fall within the Policy exclusion(s), it is not clear at this juncture that the Defendant would not be liable for <u>any</u> judgment based upon the allegations contained in the underlying complaint. (<u>emphasis added</u>) Accordingly, without possession of the relevant facts essential to resolution of how Intermet and American Axle treated the property in Intermet's possession, but not yet transferred to American Axle, the Defendants are not entitled to outright dismissal of the Complaint at the pleading stage.

Other Courts have recognized that the "care, custody, or control" issue under an insurance

policy is fact sensitive. See Reliance Ins. Co. v. Armstrong World Industries, Inc., 292 N.J. Super. 365; 678 A.2d 1152 (1996); citing Elcar Mobile Homes, Inc. v D.K. Baxter, Inc., 66 N.J. Super 478, 491, 169 A.2d. 509 (App.Div. 1961) ("We are of the opinion that what constitutes 'care, custody, or control' [under the terms of a policy exclusion] . . . depends not only upon whether the property is realty or personalty, but as well upon many other facts, such as the location, size, shape and other characteristics of the property, what the insured is doing to it and how, and the interest in and the relation of the insured and others to it.")

The unanswered questions here were highlighted when this Court appropriately inquired regarding facts that would need to be examined before one could say that certain product fell into the same category as bailed property (Filing 28, 27:2-8). Therefore, the facts necessary to resolve the pending Motion should be developed in discovery.

### III.   VIRGINIA RECOGNIZES THAT THE A FAILURE OF THE DUTY TO DEFEND IS A BREACH OF THE INSURANCE CONTRACT.

The Defendants summarize their viewpoint as simply characterizing the type of property involved in the claim, and then applying policy exclusions. This puts the cart before the horse. It is well settled in Virginia that the duty to defend is broader than the obligation to pay. Lerner v. General Ins. Co., 219 Va. 101, 104, 245 S.E.2d 249, 251 (1978). A refusal of the duty to defend is at the insurer's own risk. Brenner v. Lawyers Title Ins. Corp., 240 Va. 185, 189, 397 S.E.100, 102 (1990). In a well-reasoned, and recently cited opinion, Judge Franklin explained the "insurer's own risk" language in Erie Ins. Exchange v. Allstate Ins. Co., 50 Va. Cir. 61 (Warren 1999):

> This statement must mean something and should not be read as mere surplusage. The Court believes that the statement reveals the Virginia Supreme Court's intent to hold insurers accountable for their wrongful or mistaken refusals to defend and that the insurers must be prepared, when they take such action, to find themselves liable

3

for judgments or settlements that are handed down.

50 Va. Cir. at 66. See also <u>Pulte Home Corporation v. Fidelity and Guaranty Insurance Company</u>, 2004 Va. Lexis 381 (Fairfax 2004) (holding a breach of the duty defend results in a waiver to contest coverage, but does not amount to a waiver of the right to challenge the reasonableness of defense costs.).

In the instant matter, the Defendants have breached their broad obligation and duty to defend, which results in a waiver to contest coverage. Additionally, it is improper to resolve the coverage questions at this stage, where fact questions exist regarding the nature and course of the business dealings between Intermet and American Axle, and the nature and status of the damages that are being claimed. Finally, the record must be further developed before this Court can, as a matter of law, resolve any of the coverage questions which may survive the Defendants' failure to defend. This may include whether property manufactured by Intermet but not yet transferred to American Axle is somehow excluded under the policies in question.

## **CONCLUSION**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint, it does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses [such as insurance exclusions]. See <u>Givens v. O'Quinn</u>, 121 Fed. Appx. 984 (4th Cir. 2005). It is not appropriate to assume facts supplied by these Defendants, and Rule 12(b)(6) movants, in order to gain dismissal of the Complaint. The Plaintiff is entitled to develop the record and present facts supporting its claims to the Court.

There are more questions than answers regarding the status of the property and other

4

damages claimed by Plaintiff which the Defendants claim are barred by various exclusions.

Plaintiff respectfully requests that Defendants' Motions be denied.

>Respectfully Submitted,
>
>S/ William J. Sneckenberg
>Stuart M. Brody, Esq.
>William J. Sneckenberg, Esq.
>SNECKENBERG, THOMPSON & BRODY, LLP
>161 North Clark Street, Suite 3575
>Chicago, Illinois 60601
>Fax No. (312) 782-3787
>Phone No. (312)782-9320
>
>and
>
>James C. Turk, Jr., Esq.
>Stone, Harrison, and Turk
>1007 E. Main Street
>P.O. Box 2968
>Radford, VA 24141/24143-2968
>Phone No. (540) 639-9056
>Fax No. (540) 731-4665

## CERTIFICATE OF SERVICE

The undersigned, an Attorney, hereby certifies that on May 21, 2007, he caused the foregoing to be filed electronically through the CM/ECF system to the following counsel or parties of record. All counsel of record who did not receive notice by way of CM/ECF were sent a copy of the foregoing through U.S. Mail, postage prepaid, on the date identified hereinabove.

| | |
|---|---|
| Richard W. Bryan | Robert Taylor Ross |
| Christopher P. Ferragamo | Midkiff, Muncie & Ross, P.C. |
| 1120 20th Street, N.W. | 9030 Stony Point Parkway, Suite 160 |
| Suite 300 South | Richmond, VA 23235 |
| Washington, D.C. 20036 | |

>S/ Matthew L. McBride